**William M. Bumpers**, District of Columbia No. 385282
william.bumpers@bakerbotts.com
Baker Botts L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
202.639.7718 (direct) 202.585.1008 (fax)

**Martin Dolan**, OSB No. 87205
martindolan@dolangriggs.com
**David Griggs,** OSB No. 98243
dgriggs@dolangriggs.com
Dolan Griggs LLP
1130 S.W. Morrison Street, Suite 630
Portland, Oregon 97205
503.228.7500 (direct) 503.243.1188 (fax)

**David Aamodt**, OSB No. 754016
david.aamodt@pgn.com
Portland General Electric Company
121 Southwest Salmon Street
Portland, Oregon 97204
503.464.8861 (direct) 503.464.2200 (fax)

Attorneys for Defendant Portland General Electric Company

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| SIERRA CLUB, NORTHEAST ENVIRONMENTAL DEFENSE CENTER, FRIENDS OF THE COLUMBIA GORGE, COLUMBIA RIVERKEEPER, AND HELLS CANYON PRESERVATION COUNCIL | § § § § § § | CIVIL ACTION NO. CV-08-1136-HA |
| *Plaintiffs,* | § | ORIGINAL ANSWER |
| vs. | § § | |
| PORTLAND GENERAL ELECTRIC COMPANY | § § § | |
| *Defendant.* | § | |

Original Answer

- 1 -

**DEFENDANT PORTLAND GENERAL ELECTRIC'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
AND CIVIL PENALTIES**

TO THE HONORABLE JUDGE ANCER L. HAGGERTY:

Defendant Portland General Electric Company ("PGE") files this Answer to Plaintiffs Sierra Club, Northeast Environmental Defense Center, Friends of the Columbia Gorge, Columbia Riverkeeper, and Hells Canyon Preservation Council (collectively the "Plaintiffs"). PGE denies that it is liable to the Plaintiffs based upon any of the causes of action described in the Complaint for Injunctive and Declaratory Relief and Civil Penalties ("Complaint"), any statute or law asserted by the Plaintiffs, and further answers Plaintiffs' Complaint as follows:[1]

**RESPONSE TO INTRODUCTION**

1.      PGE admits that Plaintiffs purport to bring this action against PGE pursuant to the Clean Air Act ("CAA").  PGE admits that it operates a coal-fired power plant near Boardman, Oregon ("Plant").  PGE denies all remaining allegations in paragraph 1.

2.      PGE denies the allegations in paragraph 2.

3.      PGE denies the allegations in paragraph 3.

4.      PGE admits that it constructed and operates the Plant.  PGE denies the remaining allegations in paragraph 4.

5.      PGE denies the allegations in paragraph 5.

---

[1] Apart from its 289 numbered paragraphs, the Complaint contains headings and subheadings, to which no responsive pleading is required.  To the extent a response is deemed necessary, PGE denies every allegation in every heading and subheading contained in the Complaint.

Original Answer

6.    Most of the allegations contained in paragraph 6 either are legal statements to which no responsive pleading is required or refer to the content of the Plant's Title V Permit, which speaks for itself.  PGE denies the remaining allegations in paragraph 6.

7.    The allegations contained in paragraph 7 of the Complaint are not directed at PGE; therefore, no responsive pleading is required.  Should a response be deemed required, PGE denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 7.

## RESPONSE TO JURISDICTION AND VENUE

8.    PGE admits that Plaintiffs have invoked federal subject matter jurisdiction pursuant to 29 U.S.C. § 1331 and 42 U.S.C. § 7604(a).  The remaining allegations of paragraph 8 are legal conclusions which require no response.  Should a response be deemed required, PGE denies the allegations.

9.    PGE admits that it received a letter from Plaintiffs dated January 15, 2008, which speaks for itself.  PGE admits that 60 days have passed since January 15, 2008.  PGE denies any violations alleged in paragraph 9.  PGE is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 9, and therefore denies them.

10.    PGE admits that the Plant is located in Morrow County at 73334 Tower Road, Boardman, Oregon 97818.  PGE also admits that PGE's headquarters is located in Multnomah County at 121 S.W. Salmon St., Portland, Oregon 97204.  The remaining allegations in paragraph 10 are legal statements that require no response.  Should a response be deemed

required, PGE is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

11.     The allegations contained in paragraph 11 are legal statements that require no response.  Should a response be deemed required, PGE is without knowledge or information sufficient to form a belief of the allegations in paragraph 11, and therefore denies them.

## RESPONSE TO PARTIES

12.     PGE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12, and therefore denies them.

13.     PGE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13, and therefore denies them.

14.     PGE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14, and therefore denies them.

15.     PGE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15, and therefore denies them..

16.     PGE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16, and therefore denies them.

17.     PGE admits that it owns 80 percent of the Plant, of which 15 percent is subject to a commercial agreement with BA Leasing BSC LLC.  PGE admits that it operates the Plant, that the Plant is fired with coal, and that the Plant has been in operation since 1980.  PGE admits that

the Plant emits sulfur dioxide ("$SO_2$"), nitrogen oxides ("$NO_x$"), carbon dioxide ("$CO_2$"), particulate matter ("PM"), and mercury. PGE denies the remaining allegations in paragraph 17.

18.    PGE admits that the Plant has emitted in a year approximately the stated amount of $CO_2$, but PGE is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 18, and therefore denies them.

19.    PGE admits that the Plant has emitted in a year approximately the stated amount of $SO_2$, but PGE is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 19, and therefore denies them.

20.    PGE admits that the Plant has emitted in a year approximately the stated amount of $NO_x$, but PGE is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 20, and therefore denies them.

21.    PGE admits that the Plant has emitted in a year approximately the stated amount PM, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 21, including but not limited to the allegation regarding $PM_{2.5}$, and therefore denies them.

22.    PGE admits that the Plant has emitted in a year approximately the stated amount of mercury, but PGE is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 22, and therefore denies them.

23.    PGE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23, and therefore denies them.

Original Answer

24.     PGE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24, and therefore denies them.

25.     PGE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25, and therefore denies them.

26.     PGE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26, and therefore denies them.

27.     PGE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27, and therefore denies them.

28.     The statements contained in paragraph 28 consist of both legal conclusions and alleged facts.  Legal conclusions do not require a responsive pleading. Should a response be deemed required, PGE denies each and every legal conclusion contained in paragraph 28.  PGE also denies the factual allegations contained in paragraph 28.

29.     The statements contained in paragraph 29 consist of both legal conclusions and alleged facts.  Legal conclusions do not require a responsive pleading. Should a response be deemed required, PGE denies each and every legal conclusion contained in paragraph 29.  PGE also denies the factual allegations contained in paragraph 29.

30.     The statements contained in paragraph 30 consist of both legal conclusions and alleged facts.  Legal conclusions do not require a responsive pleading. Should a response be deemed required, PGE denies each and every legal conclusion contained in paragraph 30.  PGE also denies the factual allegations contained in paragraph 30.

## RESPONSE TO LEGAL BACKGROUND

31.    The statements contained in paragraph 31 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

32.    The statements contained in paragraph 32 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

33.    The statements contained in paragraph 33 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

34.    The statements contained in paragraph 34 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

35.    The statements contained in paragraph 35 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

36.    The statements contained in paragraph 36 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

Original Answer

37.     The statements contained in paragraph 37 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

38.     The statements contained in paragraph 38 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

39.     The statements contained in paragraph 39 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

40.     The statements contained in paragraph 40 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

41.     The statements contained in paragraph 41 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

42.     The statements contained in paragraph 42 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

43.     The statements contained in paragraph 43 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

Original Answer

44.     The statements contained in paragraph 44 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

45.     The statements contained in paragraph 45 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

46.     The statements contained in paragraph 46 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

47.     The statements contained in paragraph 47 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

48.     The statements contained in paragraph 48 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

49.     The statements contained in paragraph 49 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

50.     The statements contained in paragraph 50 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

51.    The statements contained in paragraph 51 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

52.    The statements contained in paragraph 52 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

53.    The statements contained in paragraph 53 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

54.    The statements contained in paragraph 54 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

55.    The statements contained in paragraph 55 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

56.    The statements contained in paragraph 56 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

57.    The statements contained in paragraph 57 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

Original Answer

58.     The statements contained in paragraph 58 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

59.     The statements contained in paragraph 59 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

60.     The statements contained in paragraph 60 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

61.     The statements contained in paragraph 61 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

62.     The statements contained in paragraph 62 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

63.     The statements contained in paragraph 63 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

64.     The statements contained in paragraph 64 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

65.     The statements contained in paragraph 65 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

66.     The statements contained in paragraph 66 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

67.     The statements contained in paragraph 67 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

68.     The statements contained in paragraph 68 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

69.     The statements contained in paragraph 69 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

70.     The statements contained in paragraph 70 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

71.     The statements contained in paragraph 71 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

Original Answer

72.     The statements contained in paragraph 72 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

73.     The statements contained in paragraph 73 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

74.     The statements contained in paragraph 74 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

75.     The statements contained in paragraph 75 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

76.     The statements contained in paragraph 76 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

77.     The statements contained in paragraph 77 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

78.     The statements contained in paragraph 78 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

Original Answer

79.     The statements contained in paragraph 79 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

80.     The statements contained in paragraph 80 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

81.     The statements contained in paragraph 81 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

82.     The statements contained in paragraph 82 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

83.     The statements contained in paragraph 83 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

84.     The statements contained in paragraph 84 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

85.     The statements contained in paragraph 85 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

86.     The statements contained in paragraph 86 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

87.     The statements contained in paragraph 87 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

88.     The statements contained in paragraph 88 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

89.     The statements contained in paragraph 89 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

90.     The statements contained in paragraph 90 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

91.     The statements contained in paragraph 91 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

92.     The statements contained in paragraph 92 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

Original Answer

93.     The statements contained in paragraph 93 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

94.     The statements contained in paragraph 94 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

95.     The statements contained in paragraph 95 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

96.     The statements contained in paragraph 96 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

97.     The statements contained in paragraph 97 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

98.     The statements contained in paragraph 98 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

99.     As to content of the Plant's Title V permit, the permit speaks for itself.  PGE denies any remaining allegations of paragraph 99.

100.    The statements contained in paragraph 100 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

101.    The statements contained in paragraph 101 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

102.    The statements contained in paragraph 102 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

103.    PGE admits that Oregon Department of Environmental Quality ("ODEQ") first issued PGE a Title V permit for the Plant in 1996 and that ODEQ renewed the permit in 2001. PGE admits that in 2005, it timely submitted an application to renew the Title V permit, that ODEQ had not renewed the Title V permit as of the date Plaintiffs filed their compliant, and that the Title V permit remains in effect.  PGE denies that the Title V permit expired.  PGE denies all remaining allegations contained in paragraph 103.

104.    As to the content of the Plant's Title V permit, the document speaks for itself. PGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 104, and therefore denies them.

105.    As to the content of the Plant's Title V permit, the document speaks for itself. PGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 105, and therefore denies them.

106.    The statements contained in paragraph 106 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

107.    As to the content of the Plant's Title V permit, the document speaks for itself. PGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 107, and therefore denies them.

108.    As to the content of the Plant's Title V permit, the document speaks for itself. PGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 108, and therefore denies them.

109.    As to the content of the Plant's Title V permit, the document speaks for itself. PGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 109, and therefore denies them.

110.    As to the content of the Plant's Title V permit, the document speaks for itself. The remaining statements contained in paragraph 110 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

111.    As to the content of the Plant's Title V permit, the document speaks for itself. The remaining statements contained in paragraph 111 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

112.    The statements contained in paragraph 112 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

113.    The statements contained in paragraph 113 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

114.    The statements contained in paragraph 114 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

115.    The statements contained in paragraph 115 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

## RESPONSE TO FACTUAL BACKGROUND

116.    PGE admits that the Plant is fired with fossil fuels and burns pulverized coal in a single boiler.  PGE admits that steam from the boiler passes through a turbine generator to produce electricity.  PGE admits that the Plant uses low-sulfur coal typically from the Powder River Basin, which reduces $SO_2$ emissions.  PGE admits that the Plant is equipped with an electrostatic precipitator to control emissions of PM and mercury.  PGE denies the remaining allegations in paragraph 116.

117.    PGE admits that the distances alleged in paragraph 117 are approximately correct. PGE denies the remaining allegations in paragraph 117.

118.    PGE admits that it owns 80 percent of the Plant, of which 15 percent is subject to a commercial agreement with BA Leasing BSC LLC.  PGE admits that Idaho Power Company is a part owner of the Plant.  PGE admits that it is the sole operator of the Plant.  PGE denies the remaining allegations in paragraph 118.

119.    PGE admits that the Plant first began operation in 1980.  PGE is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 119, and therefore denies them.

120.    PGE admits that it timely submitted applications relating to Title V permitting with respect to the Plant in 1995, 2000, and 2005.  As to the content of these documents, the documents speak for themselves.  PGE denies any remaining allegations of paragraph 120.

121.    PGE admits that on or about February 28, 1973, it submitted a site certificate application with the Nuclear and Thermal Energy Council ("NTEC") for one nuclear-fueled and two coal-fired power plants near Boardman.  PGE admits that only one coal-fired plant was built. PGE denies the remaining allegations in paragraph 121.

122.    PGE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122, and therefore denies them.  To the extent that this paragraph refers to the content of a document or documents provided by ODEQ to NTEC on July 31, 1974 or dated July 31, 1974,  that document or those documents speak for themselves.  PGE denies any remaining allegations of paragraph 122.

123.    PGE admits that NTEC submitted a Site Certification Agreement dated February 27, 1975 for the Boardman site to the Oregon governor, and that the governor signed the Site

Original Answer

Certification Agreement on March 24, 1975. As to the content of this document, the document speaks for itself. PGE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 123, and therefore denies them.

124.    PGE admits that it sent EPA a letter regarding the Plant dated May 1, 1975 and that EPA in response sent PGE a letter dated May 15, 1975. As to the content of these documents, the documents speak for themselves. PGE denies any remaining allegations of paragraph 124.

125.    As to the content of a Notice of Construction and Application for Approval dated August 25, 1975 and a letter in response from ODEQ dated October 1, 1975, such documents speak for themselves. PGE is without knowledge or information sufficient to form a belief as to any remaining allegations in paragraph 125, and therefore denies them.

126.    PGE admits that NTEC, through the Site Certification Agreement, authorized PGE to start physical, on-site construction of the Plant. With respect to the content of the referenced letter from NTEC to ODEQ dated January 8, 1976, that document speaks for itself. PGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 126, and therefore denies them.

127.    PGE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127, and therefore denies them. To the extent that this paragraph refers to the contents of a document ODEQ created on March 5, 1976 or dated March 5, 1976, that document speaks for itself. PGE denies any remaining allegations of paragraph 127.

Original Answer

128.    PGE admits that PGE submitted an application for an Air Contaminants Discharge Permit ("ACDP") for the Plant on or about April 4, 1977.  PGE denies that it did not receive an ACDP for the Plant until December 6, 1979.  PGE admits that the ODEQ reissued the ACDP on or about January 14, 1980.  With respect to the content of the referenced letter from ODEQ dated December 28, 1979, that document speaks for itself.  PGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 128, and therefore denies them.

129.    PGE admits that ODEQ renewed the ACDP in 1990 and 1995.  The remaining statements contained in paragraph 129 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

130.    PGE admits that it timely submitted an application for a Title V permit for the Plant in 1995.  PGE denies the remaining allegations in paragraph 130.

131.    PGE admits that it timely submitted an application to renew the Title V permit for the Plant in 2000 and that ODEQ renewed the permit in 2001.  PGE denies the remaining allegations in paragraph 131.

132.    PGE admits that it timely submitted an application to renew the Title V permit for the plant in 2005 and that ODEQ has yet to act on the application.  PGE denies that the Title V permit expired.  As to the content of the Title V permit, that document speaks for itself.  The remaining statements contained in paragraph 132 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

133.    The statements in paragraph 133 consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

134.    The statements contained in paragraph 134 consists of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

135.    The statements contained in paragraph 135 consists of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

136.    In response to the allegations contained in paragraph 136, PGE admits that, as of the date of the complaint, it had not submitted an application for the Plant to receive a preconstruction permit under Section 165 of the Clean Air Act, 42 U.S.C. § 7475, and that no such permit has been issued. PGE denies all remaining allegations in paragraph 136.

137.    The allegations in paragraph 137 consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

138.    The allegations in paragraph 138 consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

139.    In response to paragraph 139, PGE admits that the degree of opacity at the Plant's stack at times has been greater than the numerical opacity limitations in applicable regulations

and permits, but denies that those limitations necessarily applied during those times.  PGE denies all remaining allegations in paragraph 139.

140.    In response to paragraph 140, PGE admits that it submitted quarterly reports under the New Source Performance Standards to ODEQ.  As to the content of those reports, the documents speak for themselves. PGE denies all remaining allegations in paragraph 140.

141.    PGE denies the allegations in paragraph 141.

142.    As to the content of PGE's Title V reports for the Plant, those documents speak for themselves.  PGE denies any remaining allegations in paragraph 142.

143.    As to the content of PGE's Title V reports for the Plant, those documents speak for themselves.  PGE denies any remaining allegations in paragraph 143.

## RESPONSE TO FIRST CLAIM FOR RELIEF

144.    With respect to the allegations contained in paragraph 144 and this section of the Complaint, PGE repeats and reasserts each and every admission, denial, and statement set forth in paragraphs 1 - 143 of this Answer with the same force and effect as if those admissions, denials, and statements were made in this section in full.

145.    The statements contained in paragraph 145 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

146.    The statements contained in paragraph 146 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

147.    The statements contained in paragraph 147 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

148.    The statements contained in paragraph 148 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

149.    The statements contained in paragraph 149 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

150.    The statements contained in paragraph 150 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

151.    The statements contained in paragraph 151 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

152.    The statements contained in paragraph 152 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

Original Answer

153.    The statements contained in paragraph 153 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

154.    The statements contained in paragraph 154 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

155.    The statements contained in paragraph 155 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

156.    The statements contained in paragraph 156 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

157.    The statements contained in paragraph 157 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

158.    The statements contained in paragraph 158 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

159.    The statements contained in paragraph 159 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

Original Answer

160.    PGE admits that the Plant generates steam.  PGE denies that the Plant is subject to NSPS Da.  The remaining allegations in paragraph 160 consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

161.    The statements contained in paragraph 161 consists of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

162.    The statements contained in paragraph 162 consists of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

163.    In response to paragraph 163, PGE denies that it made modifications triggering the applicability of NSPS Da or that NSPS Da applies to the Plant.  The remaining statements in paragraph 163 consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

164.    In response to paragraph 164, PGE denies that it made modifications triggering the applicability of NSPS Da or that NSPS Da applies to the Plant.  The remaining statements in paragraph 164 consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

165.    In response to paragraph 165, PGE denies that it made modifications triggering the applicability of NSPS Da or that NSPS Da applies to the Plant.  The remaining statements in

paragraph 165 consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

166.    In response to paragraph 166, PGE denies that it made modifications triggering the applicability of NSPS Da or that NSPS Da applies to the Plant.  The remaining statements in paragraph 166 consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

167.    In response to paragraph 167, PGE denies that it made modifications triggering the applicability of NSPS Da or that NSPS Da applies to the Plant.  The remaining statements in paragraph 167 consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

168.    PGE admits that the Plant emits $SO_2$.  PGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 168, and therefore denies them.

169.    In response to paragraph 169, PGE denies that it made modifications triggering the applicability of NSPS Da or that NSPS Da applies to the Plant.  The remaining statements in paragraph 169 consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

170.    In response to paragraph 170, PGE denies that it made modifications triggering the applicability of NSPS Da or that NSPS Da applies to the Plant.  The remaining statements in paragraph 170 consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

171.    In response to paragraph 171, PGE denies that it made modifications triggering the applicability of NSPS Da or that NSPS Da applies to the Plant.  The remaining statements in paragraph 171 consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

172.    PGE denies the allegations contained paragraph 172.

173.    PGE denies the allegations contained in paragraph 173.

## RESPONSE TO SECOND CLAIM FOR RELIEF

174.    With respect to the allegations contained in paragraph 174 and this section of the Complaint, PGE repeats and reasserts each and every admission, denial, and statement set forth in paragraphs 1 - 173 of this Answer with the same force and effect as if those admissions, denials, and statements were made in this section in full.

175.    The statements contained in paragraph 175 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required. Should a response to these allegations be deemed required, PGE denies them.

176.    PGE denies the allegations contained in paragraph 176.

177.    PGE denies the allegations contained in paragraph 177.

178.    PGE denies the allegations contained in paragraph 178.

## RESPONSE TO THIRD CLAIM FOR RELIEF

179.    With respect to the allegations contained in paragraph 179 and this section of the Complaint, PGE repeats and reasserts each and every admission, denial, and statement set forth

Original Answer

in paragraphs 1 - 178 of this Answer with the same force and effect as if those admissions, denials, and statements were made in this section in full.

180.    The statements in paragraph 180 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

181.    The statements in paragraph 181 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

182.    PGE admits that the Plant was constructed after June 1, 1970.  The remaining statements in paragraph 182 consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

183.    In response to paragraph 183, PGE admits that the opacity from the Plant's stack at times has been greater than the numerical opacity limitations in applicable regulations and permits, but denies that those limitations necessarily applied during those times.  PGE denies all remaining allegations in paragraph 183.

184.    PGE denies the allegations contained in paragraph 184.

185.    PGE denies the allegations contained in paragraph 185.

186.    PGE denies the allegations contained in paragraph 186.

## RESPONSE TO FOURTH CLAIM FOR RELIEF

187.    With respect to the allegations contained in paragraph 187 and this section of the Complaint, PGE repeats and reasserts each and every admission, denial, and statement set forth in paragraphs 1 - 186 of this Answer with the same force and effect as if those admissions, denials, and statements were made in this section in full.

188.    PGE admits that ODEQ first issued PGE a Title V permit for the Plant in 1996 and that ODEQ renewed the permit in 2001.  PGE admits that in 2005, it timely submitted an application to renew the Title V permit, that ODEQ had not renewed the Title V permit as of the date Plaintiffs filed their compliant, and that the Title V permit remains in effect.  PGE denies that the Title V permit expired.  PGE denies all remaining allegations contained in paragraph 188.

189.    As to the content of the Title V permit, that document speaks for itself.  PGE denies all remaining allegations in paragraph 189.

190.    As to the content of the Title V permit, that document speaks for itself.  PGE denies all remaining allegations in paragraph 190.

191.    As to the content of the Title V permit, that document speaks for itself.  PGE denies all remaining allegations in paragraph 191.

192.    As to the content of the Title V permit, that document speaks for itself.  PGE denies all remaining allegations in paragraph 192.

193.    As to the content of the Title V permit, that document speaks for itself.  PGE denies all remaining allegations in paragraph 193.

Original Answer

194.    In response to paragraph 194, PGE admits that the degree of opacity at the Plant's stack at times has been greater than the numerical opacity limitations in applicable regulations and permits, but denies that those limitations necessarily applied during those times.  PGE denies all remaining allegations in paragraph 194.

195.    PGE denies the allegations contained in paragraph 195.

196.    PGE denies the allegations contained in paragraph 196.

**RESPONSE TO FIFTH CLAIM FOR RELIEF**

197.    With respect to the allegations contained in paragraph 197 and this section of the Complaint, PGE repeats and reasserts each and every admission, denial, and statement set forth in paragraphs 1 - 196 of this Answer with the same force and effect as if those admissions, denials, and statements were made in this section in full.

198.    The statements in paragraph 198 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

199.    The statements in paragraph 199 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

200.    The statements in paragraph 200 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

201.    The statements in paragraph 201 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

202.    The statements in paragraph 202 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

203.    The statements in paragraph 203 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

204.    PGE denies the allegations contained in paragraph 204.

205.    PGE denies the allegations contained in paragraph 205.

206.    PGE denies the allegations contained in paragraph 206.

207.    PGE denies the allegations contained in paragraph 207.

## RESPONSE TO SIXTH CLAIM FOR RELIEF

208.    With respect to the allegations contained in paragraph 208 and this section of the Complaint, PGE repeats and reasserts each and every admission, denial, and statement set forth in paragraphs 1 - 207 of this Answer with the same force and effect as if those admissions, denials, and statements were made in this section in full.

Original Answer

209.    The statements in paragraph 209 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

210.    The statements in paragraph 210 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

211.    The statements in paragraph 211 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

212.    The statements in paragraph 212 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

213.    The statements in paragraph 213 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

214.    The statements in paragraph 214 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

215.    The statements in paragraph 215 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

Original Answer

216.    The statements contained in paragraph 216 consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

217.    PGE denies the allegations contained in paragraph 217.

218.    PGE admits that the Plant is required to operate in compliance with the emission limitations in its permits and applicable regulations.  PGE denies any remaining allegations contained in paragraph 218.

219.    PGE denies the allegations contained in paragraph 219.

220.    PGE denies the allegations contained in paragraph 220.

221.    PGE denies the allegations contained in paragraph 221.

222.    PGE denies the allegations contained in paragraph 222.

### RESPONSE TO SEVENTH CLAIM FOR RELIEF

223.    With respect to the allegations contained in paragraph 223 and this section of the Complaint, PGE repeats and reasserts each and every admission, denial, and statement set forth in paragraphs 1 - 222 of this Answer with the same force and effect as if those admissions, denials, and statements were made in this section in full.

224.    The statements in paragraph 224 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

225.    The statements in paragraph 225 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.   Should a response to these allegations be deemed required, PGE denies them.

226.    The statements in paragraph 226 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.   Should a response to these allegations be deemed required, PGE denies them.

227.    The statements in paragraph 227 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.   Should a response to these allegations be deemed required, PGE denies them.

228.    The statements in paragraph 228 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.   Should a response to these allegations be deemed required, PGE denies them.

229.    The statements in paragraph 229 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.   Should a response to these allegations be deemed required, PGE denies them.

230.    The statements in paragraph 230 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.   Should a response to these allegations be deemed required, PGE denies them.

231.    The statements in paragraph 231 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.   Should a response to these allegations be deemed required, PGE denies them.

Original Answer

232.    The statements contained in paragraph 232 consists of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

233.    The statements contained in paragraph 233 consists of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

234.    PGE denies the allegations contained in paragraph 234.

235.    PGE denies the allegations contained in paragraph 235.

236.    PGE denies the allegations contained in paragraph 236.

237.    PGE denies the allegations contained in paragraph 237.

238.    PGE denies the allegations contained in paragraph 238.

239.    PGE denies the allegations contained in paragraph 239.

## RESPONSE TO EIGHTH CLAIM FOR RELIEF

240.    With respect to the allegations contained in paragraph 240 and this section of the Complaint, PGE repeats and reasserts each and every admission, denial, and statement set forth in paragraphs 1 - 239 of this Answer with the same force and effect as if those admissions, denials, and statements were made in this section in full.

241.    The statements in paragraph 241 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

242.    The statements in paragraph 242 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

243.    The statements in paragraph 243 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

244.    The statements in paragraph 244 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

245.    The statements in paragraph 245 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

246.    The statements contained in paragraph 246 consists of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

247.    The statements contained in paragraph 247 consists of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

248.    PGE admits that the Plant is required to operate in compliance with the emission limitations in its permits and applicable regulations.  PGE denies any remaining allegations contained in paragraph 248.

Original Answer

249.    PGE denies the allegations contained in paragraph 249.

250.    PGE denies the allegations contained in paragraph 250.

251.    PGE denies the allegations contained in paragraph 251.

252.    PGE denies the allegations contained in paragraph 252.

### RESPONSE TO NINTH CLAIM FOR RELIEF

253.    With respect to the allegations contained in paragraph 253 and this section of the Complaint, PGE repeats and reasserts each and every admission, denial, and statement set forth in paragraphs 1 - 252 of this Answer with the same force and effect as if those admissions, denials, and statements were made in this section in full.

254.    The statements in paragraph 254 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

255.    The statements in paragraph 255 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

256.    The statements in paragraph 256 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

257.    The statements in paragraph 257 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

258.    The statements in paragraph 258 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

259.    The statements in paragraph 259 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

260.    The statements in paragraph 260 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

261.    The statements in paragraph 261 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

262.    The statements in paragraph 262 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

263.    The statements in paragraph 263 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

Original Answer

264.    The statements in paragraph 264 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

265.    The statements in paragraph 265 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

266.    The statements contained in paragraph 266 consists of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

267.    The statements contained in paragraph 267 consists of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

268.    PGE denies the allegations contained in paragraph 268.

269.    PGE denies the allegations contained in paragraph 269.

270.    PGE denies the allegations contained in paragraph 270.

## RESPONSE TO TENTH CLAIM FOR RELIEF

271.    As to the content of the Plant's Title V permit, that document speaks for itself. PGE denies the remaining allegations contained in paragraph 271.

272.    As to the content of the Plant's Title V permit, that document speaks for itself. PGE denies the remaining allegations contained in paragraph 272.

273.    As to the content of the Plant's Title V permit, that document speaks for itself. PGE denies the remaining allegations contained in paragraph 273.

274.    The statements contained in paragraph 274 consists of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

275.    The statements contained in paragraph 275 consists of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

276.    PGE denies the allegations contained in paragraph 276.

277.    PGE denies the allegations contained in paragraph 277.

278.    PGE denies the allegations contained in paragraph 278.

## RESPONSE TO ELEVENTH CLAIM FOR RELIEF

279.    The statements in paragraph 279 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

280.    The statements in paragraph 280 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

281.    The statements in paragraph 281 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

282.    The statements in paragraph 282 contain no allegations directed at PGE, but rather consist of legal conclusions as to which no responsive pleading is required.  Should a response to these allegations be deemed required, PGE denies them.

283.    PGE denies the allegations contained in paragraph 283.

284.    PGE denies the allegations contained in paragraph 284.

285.    PGE denies the allegations contained in paragraph 285.

## RESPONSE TO TWELFTH CLAIM FOR RELIEF

286.    As to the content of the Title V permit, that document speaks for itself.  PGE denies all remaining allegations in paragraph 286.

287.    PGE denies the allegations contained in paragraph 287.

288.    PGE denies the allegations contained in paragraph 288.

289.    PGE denies the allegations contained in paragraph 289.

## RESPONSE TO PRAYER FOR RELIEF

PGE denies that Plaintiffs are entitled to the relief requested in paragraphs A through H of their Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
#### (Non-applicability Determination)

Plaintiffs' claims are barred because EPA made an explicit and written determination that PGE was not required to obtain a Prevention of Significant Deterioration permit for the Plant.

### SECOND DEFENSE
#### (No Jurisdiction)

Plaintiffs' claims are barred because the Complaint is an impermissible collateral attack on EPA's final action in determining that the Prevention of Significant Deterioration program did not apply to the Plant, which final action can be challenged only in the appropriate federal appellate court under the federal Clean Air Act.

### THIRD DEFENSE
#### (No Construction of PSD New Source)

Plaintiffs' claims are barred because PGE "commenced construction" of the Plant prior to June 1, 1975, and therefore the Plant was never subject to EPA's 1974 PSD program.

### FOURTH DEFENSE
#### (No Construction of a PSD Major Source)

Plaintiffs' claims are barred because PGE obtained all preconstruction air permits required by Oregon law prior to March 1, 1978 and "commenced construction" of the Plant before December 1, 1978 and therefore was never subject to the PSD program of the 1977 Clean Air Act Amendments.

### FIFTH DEFENSE
#### (No Modification under Oregon Law)

Plaintiffs' claims are barred because no change PGE may have made to the Plant since EPA's approval of Oregon's Prevention of Significant Deterioration program constituted a "major modification" under that program.

Original Answer

- 44 -

## SIXTH DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations.

## SEVENTH DEFENSE
### (Concurrent Remedy Doctrine)

Plaintiffs' claims are barred, in whole or in part, by the concurrent remedy doctrine.

## EIGHTH DEFENSE
### (Laches)

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches.

## NINTH DEFENSE
### (Estoppel)

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of estoppel.

## TENTH DEFENSE
### (Mootness)

Plaintiffs' claims are barred, in whole or in part, as moot.

## ELEVENTH DEFENSE
### (Inadequate Notice)

To the extent Plaintiffs seek to assert claims not included or adequately described in their notice of intent to sue, the Court is without jurisdiction to hear those claims.

## TWELFTH DEFENSE
### (Compliance with Law)

Plaintiffs' claims for injunctive relief are barred, in whole or in part, because PGE is not in current violation of applicable law, and because at all relevant times, the Plant has been in compliance with applicable provisions of the CAA, EPA's implementing regulations, the relevant statutes and regulations of Oregon, and the requirements and conditions of applicable Oregon permits.

Original Answer

## THIRTEENTH DEFENSE
### (Fair Notice)

If the interpretations of the regulations upon which the alleged violations are based are lawful, PGE was not given fair notice by the applicable regulations, and substantive due process forbids the retroactive imposition on PGE of Plaintiffs' and EPA's new and vague legal interpretations of the CAA and the PSD implementing regulations. The interpretations were not accomplished by valid rulemaking as required by the Administrative Procedure Act, 5 U.S.C. §§ 551-553, and section 307(d) of the CAA, 42 U.S.C. § 7607(d), were not published in the Federal Register, and are not binding on PGE under 44 U.S.C. § 1507.

## FOURTEENTH DEFENSE
### (Maintenance, Repair and Replacement Routine in Source Category)

Plaintiffs' claims are barred, in whole or in part, because the activities alleged in the Complaint to be modifications constituted maintenance, repair or replacement projects that are routine in the source category and therefore did not trigger NSPS Da.

## FIFTEENTH DEFENSE
### (No Capital Expenditure)

Plaintiffs' claims are barred, in whole or in part, because the activities alleged in the Complaint to be modifications constituted only an increase in the production rate accomplished without a capital expenditure and therefore did not trigger NSPS Da.

## SIXTEENTH DEFENSE
### (Only Increase in Hours of Operation)

Plaintiffs' claims are barred, in whole or in part, because the activities alleged in the Complaint to be modifications constituted only an increase in the hours of operation  and therefore did not trigger NSPS Da.

Original Answer

## SEVENTEENTH DEFENSE
### (Independent Factors)

Plaintiffs' claims are barred, in whole or in part, because, to the extent there have been any significant increases in emissions of regulated air pollutants, the increases resulted from increases in demand or load or for other reasons independent of the activities identified by Plaintiffs in the Complaint.

## EIGHTEENTH DEFENSE
### (No Physical Change or Change in the Method of Operation)

Plaintiffs have not proven that the activities alleged in the Complaint to be modifications involved "physical change[s]" or "changes in operation" or "change[s] in the method of operation" at the Plant.

## NINETEENTH DEFENSE
### (Routine Maintenance, Repair and Replacement)

Plaintiffs' claims are barred, in whole or in part, because the activities alleged in the Complaint to be modifications constituted routine maintenance, repair or replacement projects, and therefore are excluded from any PSD permitting requirement.

## TWENTIETH DEFENSE
### (Boiler Complied with BACT)

Plaintiffs' claims are barred, in whole or in part, because even had the Plant been required to obtain a PSD permit prior to commencement of construction its boiler employed emission controls capable of limiting emissions to levels required by NSPS D and therefore complied with BACT.

## TWENTY-FIRST DEFENSE
### (BACT not Applicable to Boiler)

Plaintiffs' claims are barred, in whole or in part, because the activities alleged in the Complaint to be modifications were not modifications to the Plant's boiler and therefore BACT was not required for the boiler.

## TWENTY-SECOND DEFENSE
### (Emissions were BACT Equivalent)

Plaintiffs' claims for injunctive relief are barred, in whole or in part, because the units alleged in the Complaint are equipped with controls that achieved the equivalent of BACT limits and otherwise meet the emission limits and standards that would have applied at the time one or more of the projects alleged in the Complaint occurred, for one or more pollutants.

## TWENTY-THIRD DEFENSE
### (Injunctive Relief is not Authorized by Statute)

Plaintiffs' claims for injunctive relief are barred, in whole or in part, because the CAA does not authorize injunctive relief against the continued operation of a source even if PSD permitting requirements were not adhered to.

## TWENTY-FOURTH DEFENSE
### (Lack of Injury)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered the injuries or damages alleged or any other injuries or damages resulting from Defendant's actions, and the CAA does not authorize injunctive relief to improve general environmental conditions not attributable to Defendant's alleged violations.

## TWENTY-FIFTH DEFENSE
### (Balance of Equities)

Plaintiffs' claims for injunctive relief are barred, in whole or in part, because the equities of this case weigh against such relief, and Plaintiffs' claims for equitable relief are contrary to the public interest.

## TWENTY-SIXTH DEFENSE
### (Reservation of Rights)

PGE hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves the right to amend its defenses.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES, CONSIDERED, Defendant PGE prays that this Court will determine:

A.    Judgment in favor of PGE and against Plaintiffs dismissing Plaintiffs' Complaint with prejudice;

B.    PGE should be awarded its attorney's fees, court costs, and other costs incurred against claims brought by Plaintiffs; and

C.    Any other and further relief this Court determines to be just and proper.

Dated:  October 30, 2009

Respectfully submitted,

*/s/ William M. Bumpers*_____
William M. Bumpers
District of Columbia No. 385282
Kent Mayo
District of Columbia No. 452842
Baker Botts L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Email:  william.bumpers@bakerbotts.com

Original Answer

Email:  kent.mayo@bakerbotts.com
202.639.7718 (voice) 202.585.1008 (fax)

David A. Aamodt, OSB No. 754016
Associate General Counsel
Portland General Electric Company
121 Southwest Salmon Street
Portland, OR 97204
Email:  david.aamodt@pgn.com
503.464.8861 (voice) 503.464.2200 (fax)

David A. Savage
Texas State Bar No. 24004461
Baker Botts L.L.P.
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701-4078
Email:  david.savage@bakerbotts.com
512.322.2654 (voice) 512.322.8333 (fax)

Kathleen Weir
Texas Bar No. 24056508
Baker Botts LLP
One Shell Plaza
910 Louisiana
Houston, Texas  77002
Email:  kathleen.weir@bakerbotts.com
713.229.2108 (voice)  713.229.7908 (fax)

Martin Dolan, OSB No. 87205
David Griggs, OSB No. 98243
Dolan Griggs LLP
1130 S.W. Morrison Street, Suite 630
Portland, Oregon 97205
Email:  martindolan@dolangriggs.com
Email:  dgriggs@dolangriggs.com
503.228.7500  (voice) 503.243.1188 (fax)

**ATTORNEYS FOR DEFENDANT
PORTLAND GENERAL ELECTRIC COMPANY**

Original Answer

## CERTIFICATE OF SERVICE

I certify that this Answer by Defendant Portland General Electric Company has been electronically filed and is available to be viewed and downloaded from the Court's Electronic Case Filing System.

Dated:  October 30, 2009

/s/ William M. Bumpers
William M. Bumpers
District of Columbia No. 385282
Baker Botts L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Email:  william.bumpers@bakerbotts.com
202.639.7718
202.585.1008 fax

**ATTORNEY FOR DEFENDANT
PORTLAND GENERAL ELECTRIC COMPANY**

Original Answer