**AUBREY BALDWIN, OSB No. 060414**
abaldwin@lclark.edu
**ALLISON LAPLANTE, OSB No. 02361**
laplante@lclark.edu
**TOM BUCHELE, OSB No. 081560**
tbuchele@lclark.edu
Pacific Environmental Advocacy Center
10015 SW Terwilliger Blvd.
Portland, OR 97219
(503) 768-6929, (503) 768-6894, (503) 768-6736
(503) 768-6642 (fax)

**GEORGE E. HAYS,** *pro hac vice* **(CA Bar No. 119904)**
georgehays@mindspring.com
Attorney at Law
236 West Portal Avenue #110, San Francisco, CA 94127
(415) 566-5414

Attorneys for All Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SIERRA CLUB**, a non-profit corporation, **NORTHWEST ENVIRONMENTAL DEFENSE CENTER**, a non-profit corporation, **FRIENDS OF THE COLUMBIA GORGE**, a non-profit corporation, **COLUMBIA RIVERKEEPER**, a non-profit corporation, and **HELLS CANYON PRESERVATION COUNCIL**, a non-profit corporation,<br><br>   Plaintiffs,<br><br>   v.<br><br>**PORTLAND GENERAL ELECTRIC COMPANY**, an Oregon Corporation,<br><br>   Defendant. | Civil No.: 08-1136-HA<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF DATES IN AMENDED CASE MANAGEMENT ORDER** |

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF DATES

Plaintiffs respectfully, but adamantly, oppose PGE's motion to extend the pretrial schedule because the schedule is already overly long, PGE fails to provide a sufficient explanation for the need for delay, and because this case concerns primarily legal questions rather than factual questions.

First, plaintiffs have already made several compromises in arriving at the current schedule, which plaintiffs believe is already unnecessarily long. Last October, when the parties first began discussing a pretrial schedule for this case, plaintiffs proposed a schedule that called for expert reports to be exchanged in March 2010 and a trial on both remedy and liability issues in August 2010. In response, PGE proposed to bifurcate liability and remedy issues and to have a trial on liability issues only in September 2011. In an effort to work with PGE without court supervision, plaintiffs reluctantly agreed to allow bifurcation and to a schedule that called for expert reports to be exchanged in August 2010 and for a trial in May 2011. At PGE's request, plaintiffs then agreed to jointly move the court to extend that schedule so that expert reports would be exchanged in October 2010, and trial would commence at the end of June 2011. *See* Exhibit A, Hays Declaration. Now PGE wants a schedule that would call for trial later than what it originally proposed. Plaintiffs first notified PGE about its claims in a notice letter 32 months ago, and plaintiffs believe that they have allowed PGE and Baker Botts, the 750-attorney law firm representing it, enough time to pull together whatever defenses PGE might have in this matter.

Second, PGE's moving papers fail to sufficiently explain the need for delay. PGE has not explained who their experts are, the issues about which they will be providing opinions, or specifically why they are having trouble meeting deadlines to which PGE has already agreed. Similarly, PGE's claim that discovery requires an extension of the schedule is unsupported.

Presumably, PGE and Baker Botts will respond to the outstanding discovery requests, while independent experts will complete technical reports.  PGE fails to explain why more time is required for these tasks, since they will be performed by different individuals.  Furthermore, plaintiffs note that PGE has not engaged in any third party discovery in this matter.

Finally, plaintiffs disagree with PGE's characterization of this case as complex.  While the case may have certain legal complexities, the matter is factually straightforward.  For example, as the Court is aware, plaintiffs allege that PGE commenced construction of Boardman, without a PSD permit, after June 1, 1975, the applicability date for the 1974 PSD regulations.  *See* Doc. 49 at 5-6.  Either that happened, or it did not.  No expert testimony is required.

Similarly, the plaintiffs allege that PGE made modifications to Boardman making it subject to Subpart Da of the New Source Performance Standards.  *See* Doc. 49 at 9 and Doc. 57.  EPA regulations specify that such a modification occurs if a physical change will result in maximum hourly emissions above the maximum hourly emissions achievable at that unit during the 5 years prior to the change.  40 C.F.R. § 60.14(a) and (h).  *See also* 40 C.F.R. §60.2.  As plaintiffs plan to demonstrate in a summary judgment motion, such a modification clearly occurred.  In 1999, PGE reported to the Oregon Department of Energy that it in 1998, "major work was performed on the boiler."  *See* Exhibit B.  In July 2005, in an internal memo, a PGE employee wrote that:

> The Boiler Upgrade project completed in 1998, and the Turbine Upgrade Project scheduled for completion this summer both **increase plant output**, and **could appear to increase air emissions**.

*See* Exhibit C (emphasis added).  The next year, PGE debottlenecked the plant by completing major turbine upgrade, achieving plant output of 600 megawatts, s*ee* Exhibit D, a significant

jump from the output achieved at the plant prior to the 1998 boiler project (541 megawatts). *See* Exhibit C. As PGE crowed in 2001, "30 MW of this 45 MW increase was achieved without an increase in fuel consumption." *See* Exhibit D.[1] Thus, at least 15 megawatts of this increase was due to increased fuel consumption, and burning more coal means creating more pollution.

In summary, plaintiffs believe the facts in this matter are clear and do not want this matter to drag on further. Thus, plaintiffs respectfully request that the motion to extend the schedule be denied.

## CONCLUSION

For the reasons explained above, PGE's Motion to Dismiss should be denied.

Dated this 24th day of September 2010.          Respectfully submitted,

AUBREY BALDWIN, OSB 060414
ALLISON LAPLANTE, OSB 02361
Pacific Environmental Advocacy Center
(503) 768-6929

/s/ George E. Hays
GEORGE E. HAYS, CA Bar No. 119904

Attorneys for Plaintiffs

---

[1] The increase over pre-98 project levels is actually 59 megawatts (541 megawatts to 600 megawatts).